## BOWSER v BEMBO

Ohio Appeals, 2nd Dist, Montgomery Co

No 1675.  Decided  May  29,  1941

Mason Douglass, Dayton, for plaintiff-appellee.

Irvin C. Delscamp, Dayton, for defendant-appellant.

### OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment in favor of the plaintiff against the defendant in the sum of $2000.00.  The action set up in an amended petition sought damages, compensatory and punitive, for an assault and battery alleged to have been inflicted upon the plaintiff by the defendant, causing her substantial and serious bodily injuries, external and internal.

The defendant answered, denying the assault and denying all material averments of the petition and alleging fur-

ther that if plaintiff received any injuries to her person they were caused by her unlawfully and forcibly entering the home of the defendant and creating a riot therein and that the defendant used only such force as was necessary to protect his life and property from an attack made upon him by the plaintiff and other named associates.

Upon issues joined the cause was submitted to a jury which returned an unanimous verdict for $2000.00, compensatory damages only.

After motion for new trial was overruled and judgment entered on the verdict, this appeal was prosecuted.

No assignments of error, as such, have been filed nor does the brief set forth any except as they may be found in the argument throughout the brief. This is not the proper form ▆▆▆▆ ▆ in which to present the assignments of errors. They should either be filed as a separate paper or set forth and numbered at the beginning of the brief, so that the court at the outset may have the detailed claims of error. As we glean from the brief of appellant the errors assigned are as follows.

(1) In admitting testimony on behalf of the plaintiff over the objection and exception of counsel for defendant.

(2) In giving special charges at the request of plaintiff and in refusing to give special charges requested by the defendant.

(3) That the damages assessed are excessive.

(4) That the judgment is not supported by and is contrary to the evidence.

(5) The defendant did not receive a fair trial.

We set forth briefly such of the evidence appearing as is necessary to an appreciation and consideration of the questions presented by the appeal.

Defendant was a tenant of Alta Wark, mother of plaintiff, in a furnished apartment on Wayne Avenue in the City of Dayton. The defendant vacated the leased premises on April 2, 1938.

A few days prior thereto, on March 27th, a Sunday evening, at about 8:30 o'clock the plaintiff and two others, Donald Marlan aged 21 and Chris Larkin 18 years with Alta Wark (whether accompanied by is in dispute) came from another apartment in the building occupied by the defendant and rang the bell at the living room of defendant. The purpose of the call was to recover a victrola radio cabinet, the property of plaintiff, which had been for some time in the apartment of the defendant. The cabinet was heavy and plaintiff says that she took the young men with her to move it. There was some feeling between the parties which appears not only from the plaintiff's testimony but from the defendant's evidence. It is the testimony of the plaintiff and her witnesses that when she asked if she could get the cabinet and almost simultaneously with the opening of the door of defendant's apartment she was attacked, first by the wife of the defendant who pulled plaintiff's hair and thereafter by the defendant by an assault upon the plaintiff, first with his fist and later with a shot gun with which she was struck. It is the claim of plaintiff that the young men who were with her did not enter the apartment nor take any part whatever in the fight until after the defendant had struck the plaintiff with the gun.

It is the claim of the defendant, supported by his testimony and that of his witnesses, that the plaintiff and her party were at all times the aggressors and that such force as was employed by the defendant was only that which was necessary to ward off the attack upon him.

## DOCTOR'S ACCOUNT.

The plaintiff as a part of her case and upon the extent of her damages offered a statement of the charges made by the doctor for his medical services, incurred by reason of the injuries to plaintiff, in the amount of $7.00. This was accepted over the objection and exception of defendant upon the theory that such expenditures were special

damages not pleaded and, therefore, inadmissible. Thereafter counsel for defendant withdrew the evidence and the court directed the jury to disregard it. Obviously no prejudice could have resulted to the defendant by the action taken.

## ACCEPTANCE AND REJECTION OF TESTIMONY.

Mrs. Mary Stout, testifying for the plaintiff, was interrogated respecting an occurrence on New Year's night months prior to the happening immediately under consideration in this case and from this witness, a sister of Mrs. Wark, it was developed that from an adjoining apartment she heard conversation, incident to difficulty arising between defendant and his wife, and that on this occasion the witness heard Mrs. Bembo call Mrs. Wark vile names and further the witness narrated an occurrence when Mrs. Bembo left her husband which she testified was caused by his drinking and also told of Mr. Bembo getting drunk, breaking a window and doing other damage to the premises and of the police officer coming to the house by reason of the disturbance. This testimony was admitted over the objection and exception of counsel for defendant. It was claimed to be admissible upon the question of malice and we assume the court admitted it upon that theory.

Of course, if this testimony tended to establish feeling on the part of defendant against the plaintiff, existing prior to the claimed assault, it would be proper and admissible as tending to establish malice one essential of punitive damages. If the jury had awarded punitive damages we would be required to say that the testimony was not only improperly admitted but that its admission was prejudicial. Inasmuch as no punitive damages were awarded and it was accepted upon that theory only, we cannot find, under all the circumstances, that the admission was prejudicial.

We are satisfied that the testimony was not competent for any purpose because it did not relate to either of the parties to this action and could not have probative effect to show malice on the part of the defendant toward the plaintiff.

The defendant proffered testimony to the effect that he owned no real estate and very little personal property. This seems to have been tendered as upon a sort of a reverse interpretation of the rule that upon the question of punitive damages one may offer proof of the financial worth of a party against whom it is sought to assess such damages. In our judgment this testimony was not admissible because in no situation could it have been offered in chief. If the plaintiff had tendered proof that the defendant was possessed of any considerable property, real or personal, or both, then to meet this proof it would have been appropriate for the defendant to show his financial condition, as he claimed, but the plaintiff offered no such testimony. Upon the question of compensatory damages the financial status of the defendant was in no sense an issue and testimony on the subject was neither competent nor relevant.

## SPECIAL CHARGES.

Defendant's special charge No. 1 was to the effect that the jury might not award to the plaintiff any sum for medical care or physician's services. The court did not give this special charge and it was not required, inasmuch as at that time there was no testimony before the jury upon which it could have made any award for the services which were made the subject of the special charge.

Defendant's special charge No. 2 was as follows:

"The court charges you that the defendant had a right to use such degree of force as was necessary to repel the attack made upon him and his wife; and he had a right to use any weapon

at hand in his home in defense of himself, or in defending his wife. And, if you find from the evidence that the defendant used only such a degree of force as was necessary to repel the attack made upon him and his wife in the defense of his person and property, then your verdict should be for the defendant."

Special charge No. 3 is as follows:

"The important question, then, is for the jury to ascertain the true character and condition of things, at the time of the alleged difficulty.

Was the violence of the demonstration such as to induce the defendant to believe, and did he believe, that he was in great bodily harm or that his wife was in immediate danger or jeopardy of life or great bodily harm? The law gives the defendant in this case the right of using all necessary force to repel the attack."

Defendant's special charge No. 4,

"Where one is assaulted in his home, or the home itself is attacked, he may use such means as are necessary to repel the assailant from the house, or to prevent his forcible entry, or material injury to his home, even to taking of life."

The court refused to give these special charges. The court committed no error in refusing to give the special charges Nos. 2, 3 and 4 in the form requested by defendant. We have examined the general charge respecting the defense of self-defense and find that it is not only correct but complete and fully protected the defendant in all of his rights as to such defense.

The leading authority in Ohio respecting the force which one may lawfully employ in self-defense is **Marts v State, 26 Oh St 162**, which has been approved as late as **Marcoguiseppe v State, 114 Oh St 301**. The Marts case arose out of a homicide and the principles announced should only be employed in a civil action for damages for assault and battery insofar as applicable. The second proposition of the syllabus in the Marts case is,

"Homicide is justifiable on the ground of self-defense, where the slayer, in the careful and proper use of his faculties, bona fide believes, and has reasonable ground to believe, that he is in imminent danger of death or great bodily harm, and that his only means of escape from such danger will be by taking the life of his assailant, although in fact he is mistaken as to the existence or imminence of the danger."

The cases of **State v Valter, Dayton, 390, and State v Peacock, 40 Oh St 333** are cited by counsel for defendant. In the Peacock case the court cites and approves Marts v State and as a second syllabus applies the principles of self-defense as announced in the Marts case to a situation where one is assaulted in his home or the home is attacked.

In the Valter case the court does not cite the Marts case and apparently accords to a defendant greater liberality in self-defense than is permitted by the announcement in the Marts case  It will be noted that the vital exception to the right of the defendant to use such means as are necessary to repel the assailant from his home or prevent his forcible entry is, that he must in the careful and proper use of his faculties bona fide believe and have reasonable ground to believe that the killing is necessary to repel the assailant or prevent his forcible entry. This exception was not carried into any of the special charges requested by the defendant. That part of the second syllabus in the Marts case which was omitted in the special charges is a component part of the law of self-defense and without it no such charge can be complete nor correct.

### EXCESSIVE DAMAGES.

The verdict of the jury was in the sum of $2000.00 and it is urged that this was clearly excessive inasmuch as

it represents compensatory damages only. This, in our judgment, is the only error of substance assigned and it has given us considerable concern. The jury had a proper charge respecting the measure of damages. It heard all of the testimony and returned a verdict signed by every member thereof. A reviewing court may not make nice distinction respecting ▇▇▇ the amount of the verdict if in any fair view of the evidence it may be supported. Frankly, we believe the verdict is somewhat large but we ▇▇▇ cannot say that it is so disproportionate to the proof as would require us either to reduce it because excessive and produced by passion and prejudice, or, to order a remittitur because it is obviously excessive. We are satisfied that the amount fixed by the jury is not over and beyond that authorized within its province, even though we, in passing upon the factual question, might fix the judgment at a somewhat lesser amount.

The physical injuries of which plaintiff complains were inflicted with great violence. The method and means of attack employed by the defendant with a shot gun enabled him to do great bodily harm. The repeated pulling of the trigger was terrifying. Wielded as this instrument was it was a formidable and dangerous weapon and the defendant was expert in its use. The external injuries produced were substantial, especially the cut on the elbow as well as the bruised breast. The internal injury to the abdomen complained of is not so definitely established. That the plaintiff suffered much nervous disturbance, as testified by her and her doctor, may well be reconciled with the nature of the conflict to which she was a party and the blows which she suffered.

We do not find the error assigned, that the verdict is excessive, is supported.

## THAT THE JUDGMENT IS NOT SUPPORTED AND IS CONTRARY TO THE EVIDENCE.

We shall not discuss this assigned error at length but are content to say that the respective theories of the parties in this case are as diverse as humanly possible. If the defendant's witnesses are telling the truth, a number of persons, including the plaintiff, came to his home for the purpose of creating trouble and in furtherance of that intent assaulted and abused him and his wife. On the contrary, the plaintiff's case is based upon the proposition that her purpose in going to the home of defendant was peaceful and that almost immediately on the opening of defendant's door to his living room she was assaulted and thereafter maltreated and injured without reason or excuse. The fact that the jury, hearing all of the witnesses, eventually found in her favor is convincing that they were impressed by the truth of plaintiff's testimony.

Obviously the truth of the respective claims was for the ▇▇▇ jury whose duty it was to determine the factual issues. The jury resolved them in favor of the plaintiff. This, they clearly had the right to do and we can find no sufficient support for the claim that the evidence did not, in its most favorable viewpoint for the plaintiff, support the verdict and the judgment.

## THE DEFENDANT DID NOT RECEIVE A FAIR TRIAL.

It follows from what we have heretofore said that this assignment is not well made. We have examined this record with care to determine if there is any basis for the claim that the court was unfair in attitude toward the defendant and find no support for the contention.

The rulings of the court almost without exception were sound. In giving and refusing special charges the court followed the law. The general charge

was proper, appropriate and the interests of the defendant were protected.

The judgment will be affirmed.

GEIGER, PJ., and BARNES, J., concur.